IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLENDA GORDON TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | |
| CAN CAPITAL, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Glenda Gordon Torres ("Ms. Torres"), and hereby files this Complaint for Damages against CAN Capital, Inc. ("Defendant"), showing the Honorable Court as follows:

## INTRODUCTION

This is an action for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §201 *et seq.*

## PARTIES

1.

Ms. Torres is a resident of the State of Georgia. Ms. Torres submits herself to the jurisdiction of this Court.

2.

Defendant is a corporation doing business within the State of Georgia and is subject to suits of this kind and nature. Defendant may be served with process by delivering a copy of the Complaint and Summons to its registered agent for service of process, CT Corporation System, 1201 Peachtree St., N.E., Atlanta, Georgia 30361.

## VENUE AND JURISDICION

3.

Venue is proper under 28 U.S.C. §1391(b) and other applicable law. The employment practices which are the subject of this lawsuit occurred within the Northern District of Georgia.

4.

Defendant regularly conducts business within this State and District.

5.

This Court has jurisdiction over Defendant.

6.

Ms. Torres was an employee of Defendant within the meanings of the FLSA. Defendant likewise was an employer within the meaning of the FLSA. Defendant is an employer of employees "engaged in commerce," employed in an enterprise engaged in commerce," and/or in "the production of goods for commerce" as defined by 29 U.S.C. §203. At all times material to this action, Defendant has had an annual gross volume of sales which exceeded $500,000.

## **UNDERLYING FACTS**

7.

Defendant hired Ms. Torres on or about April 28, 2014. Ms. Torres' job title while working for Defendant was Benefits Administration and Payroll Manager. On or about January 21, 2015, Defendant terminated Ms. Torres' employment.

8.

Defendant paid Ms. Torres a base salary of $70,000, payable at a bi-weekly rate of $2,692.31, subject to applicable withholdings.

9.

During her employment, Ms. Torres sometimes worked hours in excess of 40 per week.

10.

Defendant did not pay Ms. Torres overtime hours worked over 40. Instead, Defendant paid Ms. Torres the same salary without consideration of her overtime hours.

11.

Ms. Torres' job duties while employed by Defendant included the following:

(a) entering earnings and deductions batches for payroll;

(b) processing bi-weekly payroll;

(c) running payroll reports as requested;

(d) forwarding and recording benefit invoices as appropriate;

(e) collecting and filing appropriate benefit forms;

(f) administering 401(k) withdrawal and rollover requests;

(g) updating benefit vendors with new benefit enrollments and changes;

(h) administering leave requests and paperwork; and

(i) reviewing and distributing mail.

12.

Ms. Torres did not hire, fire or otherwise discipline any other employees. Ms. Torres did not participate in any interviews of potential employees.

13.

Ms. Torres did not make recommendations to hire, fire or discipline other employees.

14.

Ms. Torres was a non-exempt employee under the FLSA improperly classified as exempt by Defendant.

15.

The job duties Ms. Torres performed did not qualify her as exempt from the overtime provisions of the FLSA.  Defendant treated Ms. Torres as an exempt employee under the FLSA even though her actual job duties did not legally qualify as exempt work.

## COUNT I
## FLSA VIOLATION - UNPAID OVERTIME

16.

Ms. Torres incorporates by reference all preceding Paragraphs of the Complaint.

17.

Ms. Torres was employed by Defendant as a non-exempt employee and should have been paid overtime for all time worked in excess of forty hours a week.

18.

Ms. Torres sometimes worked in excess of forty (40) hours a week during her employment with Defendant.

19.

Defendant did not pay Ms. Torres any overtime compensation for overtime hours worked.

20.

As a direct and proximate result of Defendant's conduct, Ms. Torres is entitled to her unpaid overtime wages, liquidated damages, costs, and attorney's fees as well as the other relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

    a.    Declaratory judgment that Defendant has violated the FLSA;

    b.    Full back pay for unpaid overtime;

    c.    Liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

    d.    Punitive damages;

    e.    Attorney's fees and costs of litigation;

f. Prejudgment interest; and

g. Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 8thday of May, 2015.

**PRIOLEAU & MILFORT, LLC**

/s/ Job J. Milfort
Job J. Milfort, Esq.
Ga. Bar No. 515915
job_@pmlawteam.com

BB&T Building -- Atlantic Station
271 17th Street, N.W., Suite 520
Atlanta, Georgia  30363
(404) 681-4886 (Phone)
(404) 920-3330 (Facsimile)

*Attorney for Plaintiff Glenda Torres*