# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Glenda Gordon Torres ("Torres") and CAN Capital, Inc., f/k/a Capital Access Network, Inc. ("CAN"). Torres and CAN are sometimes collectively referred to herein as "the Parties" or individually as "Party."

### Recitals

A. Torres filed a lawsuit against CAN in the U.S. District Court for the Northern District of Georgia, Atlanta Division, identified as *Glenda Gordon Torres v. CAN Capital, Inc.*, Case No. 1:15-cv-01635-LMM (the "Lawsuit"). The Lawsuit alleges violations of the Fair Labor Standards Act ("FLSA"), including a purported failure to pay Torres for overtime worked.

B. CAN denies liability to Torres for the matters alleged or which could have been alleged in the Lawsuit.

C. The Parties desire to settle this Lawsuit and any other claims Torres may have against CAN upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings by Torres that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

D. CAN is willing to provide Torres with certain consideration described below, which it is not ordinarily required, provided Torres dismisses the Lawsuit with prejudice, releases CAN from any claims Torres has made or might make against CAN, and agrees to comply with the other promises and conditions set forth in this Agreement.

### Agreement

1. **Recitals:** The Parties acknowledge that the Recitals above are true and correct, and are incorporated herein as material parts to this Agreement.

2. **"CAN" Defined:** Throughout this Agreement, the term "CAN" shall encompass the following: (a) CAN Capital, Inc., f/k/a Capital Access Network, Inc., and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; and (b) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by this definition.

3. **Dismissal of the Lawsuit with Prejudice:** Within two days of execution of this Agreement, receipt of the payments set forth in Paragraph 4 below and approval of this settlement by the Court, Torres' counsel will execute and file a notice of dismissal with prejudice of the Lawsuit. The Parties agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement, and dismisses the Lawsuit *with prejudice*, with each side to bear their own costs, expenses, and attorneys' fees,

except as otherwise provided herein. The Parties acknowledge and agree that this Agreement and the settlement terms provided herein are expressly contingent upon the Court's approval of the settlement and dismissal of the Lawsuit *with prejudice*.

   **4.** **Settlement Consideration:** In exchange for the promises set forth in this Agreement, CAN shall pay the gross sum of Twenty-One Thousand Dollars ($21,000.00) (the "Settlement Proceeds"), as set forth below and as follows:

  A. To Torres in the amount of Eight Thousand Seven Hundred Twenty-Five Dollars ($8,725.00), less all legally required withholding taxes and payroll deductions (calculated based on the Form W-4 already on file for Torres), as payment for claimed but disputed lost wages, for which CAN will issue or cause to be issued to Torres an IRS Form W-2. This amount is comprised of claimed back pay damages, as well as claimed overtime pay, represents a compromise of disputed issues, and is thus a reasonable allocation to lost wages.

  B. To Torres in the amount of Eight Thousand Seven Hundred and Twenty-Five Dollars ($8,725.00), as payment for claimed but disputed non-wage damages, from which no withholdings will be made and for which CAN will issue or cause to be issued to Torres an IRS Form 1099. This amount is comprised of claimed liquidated damages and also represents a compromise of disputed issues.

  The Parties agree that the amount specified in this Paragraph 4.B is for non-wage damages allegedly suffered by Torres. Based on representations by Torres, the Parties agree that this is a fair and reasonable apportionment of this settlement amount.

  C. To Prioleau & Milfort, LLC, attorneys for Glenda Gordon Torres in the amount of Three Thousand Five Hundred Fifty Dollars ($3,550.00). Torres and her counsel agree not to seek any additional attorneys' fees, costs, or expenses from CAN in connection with the matters alleged or which could have been alleged in the Lawsuit. CAN will issue an IRS Form 1099 to Prioleau & Milfort, LLC for this payment.

  D. CAN shall deliver the consideration identified in this Paragraph 4(A)-(C) to Torres' counsel Prioleau & Milfort within two (2) business days after receiving this Agreement appropriately signed and dated by Torres. Torres' counsel will hold these checks in trust until after the Court approves the settlement and dismisses the lawsuit with prejudice.

   **5.** **Tax Liability:** In paying the amount specified in Paragraph 4, CAN makes no representation regarding the tax consequences or liability arising from said payments. Torres understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Torres agrees to bear all tax consequences, if any, attendant

upon the payment to her of the Settlement Proceeds. Torres further agrees to hold CAN harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the Settlement Proceeds. In the event CAN receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against CAN, CAN shall promptly, after receipt of such written notice, notify Torres by letter sent to counsel for Torres.

6. **General Release and Waiver of Claims:** Upon receipt of the payments described herein, Torres (for herself, her agents, assigns, heirs, executors, and administrators) releases and discharges CAN from any and all claims which were or which could have been asserted in the Lawsuit and any and all claims, demands, actions, and causes of action, known or unknown, which arose at any time from the beginning of time to the date Torres executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with her employment with CAN, the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment, and/or any other interaction with CAN, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.; (b) The Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.; (c) The Equal Pay Act, as amended, 29 U.S.C. § 206, et seq.; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq.; (f) the National Labor Relations Act, 29 U.S.C. § 151, et seq.; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 et seq.; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 et seq.; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.; (j) the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"); (k) The Occupational Safety and Health Act, as amended, 29 U.S.C. § 651, et seq.; (l) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (m) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Paragraph 4; (n) breach of contract; (o) intentional and/or negligent infliction of emotional distress; and (p) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

Torres further waives any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Torres further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages or any form of relief based upon any claims that have been asserted or could have been asserted or settled in the Lawsuit that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against CAN. Finally, the above release excludes any other claim which cannot be released by private agreement.

This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or

3

extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

Torres understands and agrees that nothing in this Agreement restricts her from filing a charge with or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state or governmental agency. However, Torres waives her right, if any, to recover personal monetary damages or personal equitable relief from CAN, arising out of or relating to any such charge, or a charge filed by anyone else with respect to any claim Torres has released by signing this Agreement.

7. **Representations, Warranties and Affirmations:** Torres represents, warrants and affirms that, other than the Lawsuit, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against CAN with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Torres represents, affirms and warrants that she has not filed any charge, complaint or action against CAN with OSHA, the EEOC, the NLRB or any other Federal, State or local agency or board. This representation, affirmation, and warranty is a material inducement for CAN to enter into this Agreement. In addition to all other rights and remedies CAN may have at law or in equity, if Torres' representation, affirmation, and warranty is false, Torres will return to CAN all consideration paid pursuant to Section 4 of this Agreement. Torres further represents and affirms as a material term of this Agreement that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to her, except as provided for in this Agreement.

8. **Confidentiality:** In consideration of the obligations under this Agreement, Torres agrees that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither Torres nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former employees of CAN, under any circumstances. Torres further agrees that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, even if the Court will not designate the Agreement or the settlement terms and conditions hereof confidential in the court record. Torres may disclose the terms of this Agreement to her attorneys, accountants, tax advisors, the Internal Revenue Service, or as otherwise required by law, or as required in response to an investigation by any federal or state agency.

9. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by CAN of any liability or unlawful conduct of any kind.

10. **Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. Torres agree not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever. No waiver of any provision of this Agreement will be valid unless it is in

writing and signed by the Party against whom such waiver is charged. The Parties acknowledge that only the Chief Executive Officer of CAN has the authority to modify this Agreement on behalf of CAN.

11. **Successors:** This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of CAN and each past, present, or future employee, agent, representative, officer, or director of CAN and any division, subsidiary, parent, or affiliated entity.

12. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

13. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of CAN to Torres, except that it shall not supersede any agreement related to confidential and proprietary information, inventions, patents and copyrightable works including, without limitation, the provisions of Torres' April 5, 2014 offer letter from CAN as countersigned by Torres to the extent that such provisions explicitly survive termination of her employment with CAN.

14. **Severability:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. The Parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

15. **Applicable Law and Venue:** This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia. Any disputes arising out of this Agreement shall be filed and adjudicated only in the United States District Court for the Northern District of Georgia or Cobb County, Georgia Superior Court.

16. **Non-Waiver:** The waiver by any Party or Parties of a breach of any provision of this Agreement by any other Party or Parties shall not operate or be construed as a waiver by the non-breaching Party or Parties of any subsequent breach by the breaching Party or Parties.

17. **Effective Date:** The "Effective Date" of this Agreement is the date on which Torres has signed it.

**BY SIGNING THIS AGREEMENT, THE PARTIES STATE THAT: THEY HAVE READ IT; THEY UNDERSTAND IT AND KNOW THAT THEY ARE GIVING UP**

5

**IMPORTANT RIGHTS; THEY AGREE TO ALL THE TERMS CONTAINED HEREIN; THEY ARE AWARE OF THEIR RIGHT TO CONSULT WITH AN ATTORNEY; AND THEY HAVE SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

Glenda Gordon Torres

*[signature]*

Dated: 7/22/2015

CAN Capital, Inc. f/k/a Capital Access Network, Inc.

By: *[signature]*

Title: Chief HR Officer

Dated: 7/22/15

APPROVED AS TO FORM:

*[signature]*

Jon J. Milford
Counsel for Glenda Gordon Torres

*[signature]*

Jerry C. Newsome
Counsel for CAN Capital, Inc.

6